**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-00380-CMA-SKC

THE LODGE AT MOUNTAIN VILLAGE OWNER ASSOCIATION, INC., a Colorado Nonprofit Corporation,

    Plaintiff,

v.

EIGHTEEN CERTAIN UNDERWRITERS OF LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER N16NA04360, and
MCLARENS LLC, *a* Foreign Limited Liability Company,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Objection (Doc. # 41) to Magistrate Judge Crew's Recommendation (Doc. # 40) that Plaintiff's Motion for Leave to Amend Complaint (Doc. # 31) be denied. For the following reasons, the Recommendation is affirmed, and the Motion for Leave to Amend is denied.

    **I.    BACKGROUND**

This is an insurance coverage dispute. Plaintiff is a homeowners' association in Telluride, Colorado. (Doc. # 31-1, ¶¶ 3-6). From April 2014 through April 2017, Plaintiff was insured under insurance policies from Certain Underwriters at Lloyd's of London ("Underwriters"). (Doc. # 41, p. 1). The first policy was effective from April 1, 2014 through April 1, 2015 ("the 2014 policy"); the second policy was effective from April 1,

2015 through April 1, 2016 ("the 2015 policy"), and the third policy was effective from April 1, 2016 until April 1, 2017 ("the 2016 policy"). (Doc. # 31-1, p. 2). Each policy was provided by a different group of Underwriters. (Doc. # 31-1, ¶¶ 8-10).

In 2017, Plaintiff filed an insurance claim under the 2016 policy. (Doc. # 31-1, ¶ 11). Plaintiff alleged that a construction contractor had performed faulty work on one of the buildings in the association, and Plaintiff sought damages to repair the allegedly faulty workmanship. (Doc. # 31-1, ¶¶ 11-12). The claim was denied because the policy did not include coverage for faulty workmanship. (Doc. # 31-1, ¶¶ 9-12).

After the claim was denied, Plaintiff filed a second insurance claim. This time, Plaintiff sought coverage not for the faulty workmanship itself, but rather for "ensuing damage" that happened after the work was completed. (Doc. # 5, ¶¶ 12-20). When the ensuing-damage claim was also denied, Plaintiff sued Underwriters and McLarens, an independent insurance adjuster, alleging breach of contract and bad faith denial of its ensuing-damage claim.

Plaintiff's original Complaint asserted claims under the 2016 policy only. (Doc. # 5, ¶ 7). Now, however, Plaintiff seeks to amend its Complaint to add claims under the 2014 and 2015 policies. (Doc. # 31-1, ¶¶ 8-22). Because these policies were provided by different groups of Underwriters, Plaintiff also seeks to add those groups as defendants. (Doc. # 31-1, ¶¶ 8-22).

Judge Crews recommends denying Plaintiff's Motion to Amend on the basis that amendment would be futile. Specifically, Judge Crews concluded that, even with the proposed amendments, Plaintiff's claims under the 2014 and 2015 policies would fail as

2

a matter of law because Plaintiff never provided Defendants with notice of a claim under those policies. (Doc. # 40, p. 3). The Court agrees with Judge Crews.

## II.     LEGAL STANDARDS

### A.     REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.     LEAVE TO AMEND

A plaintiff may amend its complaint as a matter of course within 21 days after serving it, or within 21 days after the answer is filed. F.R.C.P. 15(a)(1). After that, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." F.R.C.P. 15(a)(2). Although the court "should freely give leave when justice so requires," the court may deny leave to amend where amendment would be futile. *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999). A proposed amendment is futile if the complaint, as amended, "would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F. 3d 1237, 1239-40 (10th Cir. 2001).

To determine whether an amendment is futile, courts apply the same standard used to evaluate a motion to dismiss under Rule 12(b)(6). *Weingarden v. Rainstorm, Inc.*, No. 09-2530-JWL, 2012 WL 13026753, at *1 (D. Kan. July 12, 2012). A claim is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court may also consider documents incorporated by reference or attached to the complaint, documents central to Plaintiff's claim, and matters subject to judicial notice without converting the motion into one for summary judgment pursuant to Rule 56. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

### III.   ANALYSIS

Judge Crews concluded that it would be futile to allow Plaintiff to amend its complaint because the proposed amendments fail to establish that Plaintiff complied with the notice provisions of the 2014 and 2015 policies. The Court agrees.

Where an insurance policy contains a notice provision, and the insured fails to comply with that notice provision, "the insurer is relieved of its duty to the insured." *Cherry Grove E. II Condo. Ass'n, Inc. v. Philadelphia Indem. Ins. Co.*, No. 16-cv-02687-CMA-KHR, 2017 WL 6945038, at *4 (D. Colo. Dec. 20, 2017); *see also Cherry Grove East II Condominim Marez v. Dairyland Ins. Co.*, 638 P.2d 286, 289–90 (Colo. 1981) (overruled as to late-notice liability insurance cases by *Friedland v. Travelers Indem. Co.*, 105 P.3d 639, 647 (Colo. 2005)). Thus, to plead a plausible claim for either statutory bad faith or breach of contract against an insurer, the plaintiff must

4

demonstrate that it provided proper notice under the relevant policy. *See Cherry Grove*, 2017 WL 6945038 at *4; *see also* C.R.S. § 10-13-1115(1) (a bad faith claim is available only to those who are entitled to benefits under an insurance policy). Plaintiff has failed to do so.

The 2014 and 2015 policies required Plaintiff, "[a]s soon as practicable after any loss occurring under this policy . . . [to] report such loss or damage with full particulars to Underwriters." (Doc. # 1-10, p. 33).[1] The policies also required Plaintiff to submit "a signed and sworn Proof of Loss to Underwriters or its appointed representative, stating: The place, time and cause of the loss, damage or expense . . . and the amount of the loss, damage, or expense." (Doc. # 1-10, p. 33). Nothing in Plaintiff's proposed Amended Complaint suggests that it did either of these things.

The Amended Complaint merely states that "[o]n or about December 10, 2018," Plaintiff "submitted a second claim to Lloyd's," in which Plaintiff "explained that . . . physical loss or damage that has ensued subsequent to faulty workmanship is covered under the policies." (Doc. # 31-1, ¶ 21). The Amended Complaint does not allege that Plaintiff submitted "a signed and sworn Proof of Loss," provided "[t]he place, time and cause of the loss," or provided any other information that was required for adequate notice under the policies. (*See* Doc. # 31-1).

---

[1] Document #1-10 contains only the 2016 policy, but Plaintiff has conceded that the notice provisions of the 2014 and 2015 policies are identical to the notice provision of the 2016 policy. (Doc. # 40, p. 5, n.3).

Moreover, on close inspection of the December 10, 2018 "notice" that Plaintiff describes in the Amended Complaint,[2] it is clear that this document did not put Underwriters on notice of a claim under either the 2014 policy or the 2015 policy. (Doc. 31-1, ¶ 21). The notice – in the form of a letter from Plaintiff's counsel to an adjuster at McLarens – clearly states that Plaintiff was asserting a claim under the 2016 policy only. (Doc. # 34-1, pp. 65-68). The letter states that the date of loss was April 20, 2016; that the relevant policy period was April 1, 2016 through April 1, 2017; and that the relevant policy number is N16NA04360 (the policy number of the 2016 policy). (Doc. # 34-1, p. 65). These statements did not trigger coverage under the 2014 or 2015 policies. (Doc. # 1-10, p. 33). Thus, there is no genuine dispute that Plaintiff failed to provide proper notice of a claim under the 2014 and 2015 policies. Therefore, allowing him to amend his Complaint to pursue claims under those policies would be futile.

Plaintiff argues, however, that "[d]isposing of a complaint based on whether an insure[r] received adequate notice is not appropriate." (Doc. # 41, p. 6). This is simply incorrect. In Colorado, when an insured does not satisfy a policy's notice provision, the insurer is relieved of its duty to the insured. *See Cherry Grove*, 2017 WL 6945038 at *4. Indeed, Plaintiff concedes that "[n]otice of loss is a condition precedent to trigger coverage under an insurance policy." (Doc. # 41, p. 7) (citing *MarkWest Energy Partners, Ltd. V. Zurich Am. Ins. Co.*, 2016 COA 110). Thus, it is appropriate to

---

[2] The December 10 notice is referred to in the complaint, is central to Plaintiff's claim, and the parties do not dispute its authenticity. Therefore, the Court can consider it to determine whether Plaintiff's Amended Complaint can survive a motion to dismiss under Rule 12(b)(6). *Jacobsen*, 287 F.3d at 941; *see also Gee*, 627 F.3d at 1186. The notice is contained in the record at Doc. # 34-1, pp. 65-68.

6

conclude that amendment is futile when the proposed amendment would fail to establish adequate notice.

Plaintiff also argues that "Plaintiff undoubtedly provided notice of loss under at least one of the Lloyd's policies, which certainly created sufficient notice under all of the related policies." (Doc. # 41, pp. 7-8). This argument fails.

Although notice of claim under one policy can sometimes serve as notice under another policy, this is only true when (1) the same insurance carrier provided both policies; and (2) "the information contained in the notice is sufficient for both [policies]." *Rose Med. Ctr. V. State Farm Mut. Auto. Ins. Co.*, 903 P.2d 15, 17 (Colo. App. 1994)). Neither circumstance is present here.

The 2014, 2015, and 2016 policies were each underwritten by a different group of Underwriters. (Doc. # 31-1, ¶¶ 8-10). Plaintiff offers no authority to suggest that providing notice to one group of Underwriters is the same as providing notice to a separate group of Underwriters. Further, even if all three policies had been underwritten by the same group, it is undisputed that Plaintiff's Property Loss Notice was insufficient to provide notice of a claim under the 2014 and 2015 policies: the Notice expressly states that the date of loss was April 20, 2016; that the relevant policy period was April 1, 2016 through April 1, 2017; and that the claim was filed solely under the 2016 policy. (Doc. # 34-1, p. 2). Therefore, the information contained in the notice was not sufficient to trigger all three policies, and Plaintiff's arguments to the contrary are unavailing.

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the Recommendation of Judge Crews (Doc. # 40). It is therefore ORDERED that Plaintiff's Motion for Leave to Amend the Complaint (Doc. # 31) is DENIED.

DATED: March 29, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge